IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Pamela Cooper, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 4:10-cv-01676-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| City of North Myrtle Beach, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report") [Doc. 39] filed on January 25, 2012, recommending that Defendant's Motion for Summary Judgment [Doc. 16] regarding Plaintiff's claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et. seq.* be granted. On March 29, 2012, the court issued a text order [Doc. 47] containing a preliminary ruling accepting the Magistrate Judge's Report and Recommendation. The text order [Doc. 65] provided that the court would issue a formal order on the Motion at a later date. This is the court's formal order granting Defendant's Motion for Summary Judgment.

**STANDARD OF REVIEW**

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a de novo determination of those portions of the Report

1

to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate. The court adopts this summary as its own, and only references facts pertinent to the analysis of Plaintiff's claims. The relevant facts, viewed in a light most favorable to Plaintiff, are as follows.

Plaintiff is a former employee of the City of North Myrtle Beach (the "City"). Plaintiff worked as a patrol officer in the City's Public Safety Department. Plaintiff is friends with Carol Johnson ("Johnson") who also worked as a patrol officer in the City's Public Safety Department. Johnson was terminated from employment with the City on July 3, 2008. Johnson filed a charge of discrimination against the City with the South Carolina Human Affairs Commission (the "SCHAC") in December 2008. A letter dated January 8, 2009 notified Verlinda Jones, the City's Human Resources Director, that Johnson's charge had been filed. Plaintiff alleges that as a result of her relationship with Johnson and Johnson's charge of discrimination, the City subjected Plaintiff to retaliatory treatment.

At the time of Johnson's termination, William Bailey ("Bailey") was the City's Public Safety Director. Prior to Bailey's appointment to Public Safety Director, Bailey was a lieutenant who supervised Plaintiff. Plaintiff alleges that Bailey warned Plaintiff and Johnson that they should not spend time with each other because they weren't liked and were both going to be in trouble.

Plaintiff received annual performance evaluations for 2001, 2003, 2004, 2005, 2006, and 2007, which indicated that Plaintiff performed at an overall level of "meets expectations." While Plaintiff's overall performance evaluation scores indicated that Plaintiff performed at a level of "meets expectations," Plaintiff's performance fell "below expectations" in certain individual categories in 2001, 2006, and 2007.

Plaintiff's performance evaluation for 2008 was her first evaluation prepared by Lieutenant Mike Baldasarre ("Baldasarre"). Plaintiff's 2008 performance evaluation indicated her overall level of performance was "below expectations." Although Plaintiff's performance ranked at a level of "meets expectations" or higher in many individual categories, Plaintiff also scored "below expectations" in the "inconsistently does work that is complete or error free," "frequent excused or moderate unexcused absences," and "inconsistent in observing safety rules and regulations" categories. [Doc. 16-3 at 87]. Plaintiff scored "substantially below expectations" in the "frequent unexcused absences" category. [Doc. 16-3 at 87]. In Plaintiff's deposition, she indicated that she did not disagree with rankings that she received on her 2008 performance evaluation. Bailey signed off on Plaintiff's evaluation for 2008 on March 16, 2009.

City policy dictates that, "Regular employees receiving a rating of 'Below Expectations' may be terminated from employment or be placed in a probationary status for a period not to exceed six (6) months until his performance 'Meets Expectations.'" [Doc. 16-3 at 90]. On April 10, 2009, Plaintiff was placed on probation for six months. However, Plaintiff also received a two and a half percent pay increase.

Plaintiff filed a charge of discrimination ("First Charge") with the SCHAC and the Equal Employment Opportunity Commission on July 13, 2009 alleging retaliation based on her

relationship with Johnson, who had filed a charge of discrimination against the City. Plaintiff received a right-to-sue letter dated March 18, 2010. Plaintiff filed a second charge of discrimination ("Second Charge") on May 3, 2010. Plaintiff's Second Charge is not mentioned in her Complaint. Plaintiff filed the present action on May 10, 2010.

## DISCUSSION

Both parties filed objections to the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The court first addresses Plaintiff's objections contained in Plaintiff's Objection to Report and Recommendation [Doc. 41]. Plaintiff objects that the Magistrate Judge did not appropriately address her Second Charge of Discrimination against the City. Plaintiff asserts, "Even though the Plaintiff's initial charge of discrimination was related to retaliation because of her friendship with [Johnson] the Second Charge was expressly related to the treatment she received as a result of the first charge and the substantially different treatment she received on light duty . . . ." However, Plaintiff's Complaint [Doc. 1-1] is solely based upon Plaintiff's first Charge of Discrimination, and does not mention Plaintiff's Second Charge. [R]eceipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. North Carolina Dept. of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995) (citing *United Black Firefighters of*

5

*Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). Where a plaintiff's complaint does not allege that the plaintiff has "'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Id.* (quoting *United Black Firefighters of Norfolk*, 604 F.2d at 847. Plaintiff's Complaint does not mention her Second Charge or whether she received a right-to-sue letter as a result of the Second Charge. Accordingly, the court finds no error in the Magistrate Judge's failure to address Plaintiff's Second Charge and the allegations contained therein.

The remainder of Plaintiff's objections relate to the Magistrate Judge's finding that Plaintiff failed to establish a prima facie case of retaliation. The Magistrate Judge also found that Plaintiff failed to demonstrate that Defendant's proffered legitimate, non-retaliatory reason for Plaintiff's probation was mere pretext. However, Plaintiff does not object to the Magistrate Judge's finding regarding Defendant's proffered reason for Plaintiff's probation.

In order to establish a prima facie case of retaliation, a plaintiff must demonstrate that "(1) [he] engaged in a protected activity; (2) the employer acted adversely against h[im]; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008). Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to "proffer evidence of a legitimate, non-discriminatory reason for taking the adverse employment action." *Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001). "If the employer carries its burden, 'the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered' were pretextual." *Id.* (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

Plaintiff objects to the Magistrate's finding that two specific incidents did not amount to an adverse employment action against Plaintiff. Plaintiff argues that on two occasions—a traffic stop

6

on August 21, 2009 and an arrival on a call on August 31, 2009, she should have received backup but received no assistance. Plaintiff alleges that failure to send backup to aid her was an act of retaliation. However, even if the failure to send backup to assist Plaintiff amounted to an adverse employment action, Plaintiff has failed to show a causal connection between Johnson's charge of discrimination and the failure to send backup to assist Plaintiff. Plaintiff stated in her deposition that Dispatch was responsible for making sure she received backup; however, Plaintiff does not know who was working dispatch at the time of the incidents. Therefore, Plaintiff has not demonstrated that the person who failed to send backup to assist her had any knowledge of Johnson's charge of discrimination or any complaints of discrimination from Plaintiff. Accordingly, Plaintiff has not established a prima facie case of retaliation with regard to the August 21, 2009 and August 31, 2009 incidents.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff fails to present evidence to establish a causal connection between Johnson's charge of discrimination and Plaintiff's placement on probation. The Magistrate Judge noted that Johnson's charge was filed on December 29, 2008, Plaintiff's performance appraisal was completed on February 28, 2009, and Plaintiff was placed on probation on April 10, 2009. Because Plaintiff was not placed on probation until over three months after Johnson's charge of discrimination, the Magistrate Judge found that Plaintiff has not presented sufficient evidence to establish a causal connection between the two occurrences.

Plaintiff argues, "An issue of fact remains within the parameters of the Court's determination because of the proximity of the draft of Plaintiff's Performance appraisal, the review by Bailey and the intentional delay in placing the Plaintiff on probation to [sic] 3 months after becoming aware of [Johnson's] Charge of Discrimination." [Doc. 41]. In support of her argument, Plaintiff asserts that

the performance appraisal was performed on February 28, 2009 and reviewed by Bailey on March 16, 2009, two months and 14 days after Bailey became aware of Johnson's charge of discrimination. Plaintiff appears to argue that the period between Bailey's first awareness of Johnson's charge of discrimination and his review of her performance appraisal is determinative of the causal connection between Johnson's charge of discrimination and Plaintiff's probation.[1] The court finds that the length of time between Bailey's first awareness of Johnson's charge of discrimination and Bailey's review of Plaintiff's performance appraisal is not relevant in determining a causal connection between Johnson's charge of discrimination and Plaintiff's probation. Further, Plaintiff has not objected to the Magistrate Judge's finding that Plaintiff failed to establish that Defendant's legitimate, nondiscriminatory reason for Plaintiff's probation was mere pretext. Where Plaintiff has not shown that Defendant's reason for her probation was mere pretext, Plaintiff's claim for retaliation based on her probation fails.

The court now turns to Defendant's Objections to the Magistrate Judge's Report and Recommendation [Doc. 40]. Defendant objects to the Magistrate Judge's finding that Baldasarre's knowledge of Johnson's charge of discrimination at the time he completed Plaintiff's performance appraisal was not necessary to establish a causal connection between Johnson's charge and Plaintiff's probation because "while Baldasarre completed the performance evaluation, it appears, although it is not entirely clear from the record, that Bailey, the Director of the Department of Public

---

[1] Plaintiff asserts, "[The performance appraisal] was reviewed by [Bailey] on March 16, 2009, two months and 14 days after Bailey became aware of the Charge of Discrimination by [Johnson]. [Doc. 41]. Referring to the Magistrate Judge's reference to *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th cir. 1997), Plaintiff argues, "Whereas Richmond v. Oneok, Inc. [sic], states that 3 months is too long [to prove a causal connection,] 2 months and 14 days has not been determined to be too long." [Doc. 41].

Safety, placed Plaintiff on probation." [Doc. 39]. The Magistrate Judge noted, "It is reasonable to infer that Bailey, as the Director of the department in which Johnson worked, was made aware of her charge once the City was put on notice. Thus Baldasarre's knowledge of Johnson's charge is not necessary to establish causal connection." [Doc. 39]. However, the Magistrate Judge went on to find that the passage of approximately three and a half months between Johnson's charge of discrimination and Plaintiff's probation negated any inference of causal connection. Thus, the Magistrate Judge found that Plaintiff had not established a sufficient causal connection between Johnson's charge and Plaintiff's probation. Furthermore, the Magistrate Judge found that even if Plaintiff established a prima facie case of retaliation based on her probation, Plaintiff's claim fails because Plaintiff has not demonstrated that the City's proffered reason for Plaintiff's probation was mere pretext.

Defendant does not take issue with the Magistrate Judge's finding that no causal connection existed between Johnson's charge of discrimination and Plaintiff's probation. Rather, Defendant argues that whether Bailey signed off on Plaintiff's probation is irrelevant to the question of causation because Plaintiff's probation was a result of Baldasarre's evaluation of Plaintiff's performance and an application of City policy dictating that employees receiving a rating of "below expectations" may be placed on probation. Further, Defendant argues that a causal connection requires actual knowledge of the protected activity rather than mere constructive knowledge.

The court finds that the Magistrate Judge correctly determined that Plaintiff's retaliation claim, as it relates to her probation, fails because Plaintiff has not demonstrated that the City's proffered reason for Plaintiff's termination is mere pretext. Accordingly, it is not necessary to

9

address whether Bailey's actual or constructive knowledge of Johnson's charge is relevant to whether a causal connection existed between Johnson's charge and Plaintiff's probation.

## CONCLUSION

Upon a careful consideration of the record before the court, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment [Doc.16] is GRANTED. The court accepts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 16, 2012
Greenville, South Carolina